UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAX WYGOD, as Trustee of the Administrative Trust under the Wygod Family Revocable Living Trust,

Plaintiff,

-v-

ADLOOP MEDIA, INC. and JOSHUA SEGAL,

Defendants.

26 Civ. 2766 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

On June 9, 2026, the Court directed Plaintiff to seek a Certificate of Default. Dkt. 20. Plaintiff did so but has since advised that the Clerk of Court is unable to process that application because the docket contains neither a certificate of service reflecting service under Federal Rule of Civil Procedure 4 nor a signed waiver of service under Rule 4(d). Dkt. 25 at 1. The reason for this omission is that service was made by certified or registered mail pursuant to the contracts underlying this suit. Dkts. 10, 11.

It "has long been 'settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.'" *Kairos Manford Priv. Equity Fund I L.P. v. Xu*, No. 25 Civ 5866 (JPC), 2026 WL 2389242, at *3 (S.D.N.Y. Aug. 15, 2026) (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964) (alteration in original)); *see* 4 Fed. Prac. & Proc. Civ. § 1062 (4th ed.) ("[A] person or an entity can consent to receive service of process in a manner that deviates from Rule 4. . . . Indeed it is common practice in many commercial contexts for the parties to incorporate service provisions into their contracts."). It follows that a plaintiff's application for a Certificate of Default is not deficient solely because it shows that service was performed pursuant to a contract,

rather than in the manner described in Rule 4. Plaintiff has filed the contractual provisions that it contends govern service in this case, Dkt. 1-1 § 16; Dkt. 1-2 § 14, as well as affidavits of service describing mailings made in accordance with those provisions, Dkts. 10, 11.

The Clerk of Court is respectfully directed to proceed in considering a renewed application from Plaintiff for a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1, treating the affidavits at Docket Numbers 10 and 11 as Plaintiff's proof of service. Plaintiff shall file a renewed application within three days from the date of this Order. The Clerk of Court is respectfully directed to close Docket Number 25.

SO ORDERED.

Dated: September 14, 2026
New York, New York

JOHN P. CRONAN
United States District Judge